[Crim. No. 2148. In Bank.—March 14, 1918.]

In re Application of ALEXANDER HORR for a Writ of Habeas Corpus and a Writ of Certiorari.

CRIMINAL LAW—VALIDITY OF ORDINANCE.—The ordinance in question is held not to violate either the state or federal constitution and to be valid.

ID.—BIAS OF JUDGE—REFUSAL TO TRANSFER CAUSE.—Refusal of a police court to transfer a case to another department of the court, because of alleged bias and prejudice of the trial judge, does not go to the jurisdiction of the court, and cannot be considered on application for writs of *habeas corpus* and *certiorari*.

ID.—SUFFICIENCY OF EVIDENCE—QUESTION NOT AVAILABLE.—On application for writs of *habeas corpus* and *certiorari*, the alleged insufficiency of the evidence on the trial to prove the offense charged is not available to the petitioner.

APPLICATION for a Writ of Habeas Corpus and a Writ of Certiorari.

The ordinance referred to in the opinion (No. 833) provides that whenever the free passage of any street or sidewalk shall be obstructed by a crowd, except on occasion of public meeting, the persons composing such crowd shall disperse by moving on when directed so to do by any police officer, and makes violation thereof a misdemeanor.

Charlotte F. Jones, for the Petitioner.

THE COURT.—In our opinion the petition does not show any good ground for the issuance of either a writ of *habeas corpus* or a writ of *certiorari*.

To our minds the ordinance of the city and county of San Francisco here involved is not violative of any provision of

either state or federal constitution, and is a valid enactment. The complaint in the police court stated facts sufficiently showing a public offense in view of the provisions of said ordinance. The claim that the police court erred in refusing to grant a transfer to another department of that court because of the alleged bias and prejudice of the police judge is not a matter going to the jurisdiction of the court and cannot be considered on this application. The claim that the evidence given on the trial was not sufficient to prove the charge is also a matter not available to petitioner on such an application as this, and the same appears to be true as to all other claims made in support of the application.

The application is denied.